UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHANAE THOMAS,

    Plaintiff,                                                    CASE NO.: 4:22-cv-244

v.

SUNRISE COMMUNITY, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, SHANAE THOMAS, hereby sues Defendant, SUNRISE COMMUNITY, INC. ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action brought under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615.

2. This Court has jurisdiction over this matter pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2615 (federal question).

3. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within the Northern District of Florida.

## THE PARTIES

4. At all times pertinent hereto, Plaintiff, Shanae Thomas, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is an

1

"eligible employee" for purposes of FMLA coverage because she was employed for at least 12 months by the employer and she provided at least 1,250 hours of service in the 12 months immediately preceding her need for leave.

5. Defendant, Sunrise Community, Inc., has been an "employer" as that term is used under the applicable laws identified above.

## STATEMENT OF FACTS

6. Prior to her unlawful termination, Ms. Thomas had worked for Defendant as a Director of Operations, having never been the subject of disciplinary action.

7. On December 7, 2021, Ms. Thomas was involved in an automobile accident that ultimately required three (3) surgeries.

8. Ms. Thomas worked from home for several days following the accident, returning to work in a sling on December 13, 2021.

9. On or around March 8, 2022, Ms. Thomas contacted Amber Murray, Defendant's Human Resources (HR) representative, who confirmed that Ms. Thomas was following the correct procedure by taking Executive Leave until FMLA paperwork could be filed following the surgeries.

10. Ms. Thomas continued to keep her Office Manager, Amber, and her direct supervisor, Amelia Milton, updated as to the status of her surgeries, the first of which was scheduled for March 24, 2022.

11. Ms. Thomas's wedding was also scheduled for March 12, 2022, for which her leave had been approved for March 9, 2022 through March 22, 2022; this leave was approved by both Ms. Milton and HR.

12. Ms. Thomas was scheduled to start FMLA leave on March 23, 2022, for her accident-related surgery on March 24, 2022.

13. Following her March 24, 2022 surgery, it was determined that another surgery would be necessary, which surgery was scheduled for April 14, 2022.

14. Ms. Thomas completed another request for Executive Leave, pursuant to Defendant's policy, which was approved by Ms. Milton and HR.

15. At the time she was scheduled to be out on personal leave and FMLA leave, Ms. Thomas had 260 Executive Leave hours accrued, plenty of time to cover her requested leave.

16. During the time that Ms. Thomas was out of work for her scheduled surgery, her supervisor, Ms. Milton, resigned.

17. On April 4, 2022, Ms. Thomas received a phone call and a text message from Ms. Gavin, Defendant's Executive Director, notifying her that Ms. Gavin would be covering Ms. Milton's duties as Ms. Thomas's supervisor.

18. During this phone call, Ms. Gavin questioned the status and length of Ms. Thomas's medical leave; Ms. Thomas explained that her physicians would not know the full extent of her injuries until after the upcoming April 14th surgery.

19. While she was out on pre-approved FMLA leave, Ms. Thomas continued to respond to phone calls, and supported her team by phone during a state survey that took place April 4-6, 2022.

20. During her leave, Ms. Thomas began receiving phone calls from staff indicating that Ms. Gavin had been asking employees when Ms. Thomas would be returning to work and complaining that she did not realize Ms. Thomas would be out on leave for so long.

21. Additionally, Ms. Gavin began telling staff that Ms. Thomas's position would soon be available, and even identified another member of staff as the "Interim Director of Operations."

22. Ms. Gavin went as far as to instruct staff not to contact Ms. Thomas anymore, that Ms. Gavin should be their main point of contact.

23. On or around April 18, 2022, Ms. Thomas received notification that her most recent Executive Leave Request had been approved by Iviana Arango, Regional Administrator.

24. On or around April 22, 2022, Ms. Thomas attempted to login to the Ultripro system used by Defendant in order to pull her timesheets for insurance purposes; however, the system generated a notification that Ms. Thomas's account was no longer active.

25. Ms. Thomas immediately contacted Ms. Gavin to inquire about being locked out of the system, Ms. Gavin responded that she had no idea and instructed Ms. Thomas to contact HR.

26. When Ms. Thomas contacted HR regarding her lack of access to Defendant's Ultripro system, HR informed her that she had been involuntary terminated due to her absences from work since March 9, 2022, at Ms. Gavin's direction.

27. Despite her alleged termination, Defendant approved an Executive Leave Request for Ms. Thomas on April 18, 2022.

28. On April 25, 2022, still unsure as to her employment status, Ms. Thomas sent an email to Defendant's compliance department, as well as its Chief Executive and Operating Officers, providing a concise timeline as to her FMLA/Executive Leave Requests, all of which had been approved, citing Defendant's own policies regarding the same, and describing the retaliation she was experiencing as a result of taking the protected leave.

29. To date, Ms. Thomas has received no response to her April 25, 2022 email to Defendant regarding the FMLA retaliation to which she was subjected.

30. Ms. Thomas believes that Defendant retaliated against her for taking protected leave pursuant to the FMLA and to interfere with her ability to take FMLA leave.

31. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for her services. Defendant should be made to pay said fees under the laws applicable to this action.

## COUNT I- UNLAWFUL RETALIATION AND UNLAWFUL INTERFERENCE PURSUANT TO THE FAMILY MEDICAL LEAVE ACT RIGHTS IN VIOLATION OF 29 U.S.C. § 2615

32. Paragraphs 1-31 are re-alleged and incorporated herein by reference.

33. The Defendant engaged in commerce or other industry or activity affecting commerce and employed fifty (50) or more employees for each working day during the twenty (20) or more calendar work weeks in the current or preceding calendar within seventy-five (75) miles of where Plaintiff was employed. The Defendant is an employer under the Family Medical Leave Act ("FMLA").

34. Plaintiff was an eligible employee under the FMLA to receive time off for a serious health condition or illness.

35. Plaintiff notified Defendant of her serious health condition or illness and the need to take leave under the FMLA. Plaintiff engaged in protected activity when she requested and took leave to obtain care for her serious health condition or illness.

36. Defendant retaliated against Plaintiff for requesting and taking leave she was entitled to take under the FMLA and interfered with Plaintiff's right to take FMLA leave by terminating her employment.

37. Defendant knew and was aware that Plaintiff exercised the rights secured to her by the FMLA due to her serious health condition and her need for leave.

38. Defendant took adverse action against Plaintiff in bad faith for exercising her rights under the FMLA in violation of 29 U.S.C. Section 2615.

39. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to equitable relief pursuant to the FMLA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, which is applicable to all counts:

(a) that process issue and this Court take jurisdiction over this case;

(b) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(c) enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(d) awarding all damages available under law for each count enumerated herein; and

(e) grant such other further relief as being just and proper under the circumstances.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Respectfully submitted this 8th day of July 2022.

                                            */s/ Tiffany R. Cruz*
                                            TIFFANY R. CRUZ
                                            Florida Bar No.: 090986
                                            KEVIN C. KOSTELNIK
                                            Florida Bar No.: 0118763

                                            **Cruz Law Firm, P.A.**
                                            411 N. Calhoun St.
                                            Tallahassee, FL 32301
                                            850-701-8838
                                            tiffany@tiffanycruzlaw.com
                                            kevin@tiffanycruzlaw.com
                                            meredith@tiffanycruzlaw.com
                                            parker@tiffanycruzlaw.com

                                            *COUNSEL FOR PLAINTIFF*